IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-01149-CMA-BNB

JOSEPH SCOTT CARTER,

Plaintiff,

v.

DOCTOR SHARON ALLEN, M.D.,

Defendant.
_____

**ORDER**
_____

This matter arises on the plaintiff's tendered **Addendum to Prisoner Complaint, Negligent Tort Claim for Medical Neglect and Malpractice** [Doc. # 14, filed 06/06/2011] (the "Addendum"). The Addendum is STRICKEN.

The plaintiff filed his Prisoner Complaint on April 29, 2011 [Doc. #1] (the "Complaint"). The plaintiff seeks to supplement his Complaint. It appears that the plaintiff is attempting to (1) add two single-spaced typewritten pages to the section of the Complaint titled "Nature of the Case"; (2) add several defendants; (3) add four single-spaced typewritten pages to Claim One; and (4) increase the amount of damages sought from 36 million dollars to 40 million dollars.

Rule 15, Fed. R. Civ. P., provides that a complaint may be amended once as a matter of course within 21 days after serving it or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's

leave.  The court should freely give leave when justice so requires."  Id. at 15(a)(2).

The Complaint has not been served on the defendant, although the order granting service by the United States Marshal was recently issued [Doc. #16].  If under Rule 15 the plaintiff may amend only with the court's leave, he must file a motion to amend the Complaint which details the proposed amendments and the reasons why such amendments are necessary.  In addition, the plaintiff must attach the proposed amended complaint to the motion.

If the plaintiff may amend as of right under Rule 15, he may not amend his Complaint by simply filing piecemeal amendments and supplements.  Rather, he must file the entire proposed amended complaint.

The plaintiff may not incorporate by reference his original Complaint into the proposed amended complaint.  The proposed amended complaint must stand alone; it must contain all of the plaintiff's claims.  Mink v. Suthers, 482 F.3d 1244, 1254 (10th Cir. 2007) (stating that "an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

In addition, the proposed amended complaint shall be submitted on the court's form and shall be entitled Amended Complaint.  D.C.COLO.LCivR 8.1A (stating that "[a] pro se party shall use the forms established by this court to file an action").  If typewritten, the proposed amended complaint shall be double-spaced.  D.C.COLO.LCivR 10.1E.

Finally, Rule 8(a), Fed. R. Civ. P., requires a short and plain statement of the claim(s) which show that the plaintiff is entitled to relief.  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the

federal pleading rules.  It is not appropriate to provide superfluous allegations or argument in a complaint.  "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds."  Blazer v. Black, 196 F.2d 139, 144 (10th Cir. 1952).  "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her, and what specific legal right the plaintiff believes the defendant violated."  Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).  The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."  TV Communications Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992).

The Addendum is not a model of clarity.  Therefore, any proposed amended complaint must comply with this order.  The "Nature of the Case" section shall briefly summarize the plaintiff's case and shall not exceed two pages.  Each claim shall be stated separately.  Each claim shall state which defendantsthe claim is brought against and shall briefly allege facts sufficient to state a claim for relief against those defendants.  Each claim shall not exceed three pages, double-spaced.

IT IS ORDERED:

(1)  The Addendum is STRICKEN; and

(2)  Any future attempts to amend the Complaint shall comply with the Federal Rules of Civil Procedure, the local rules of this court, and this order.

Dated June 13, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge