IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-01149-CMA-BNB

JOSEPH SCOTT CARTER,

Plaintiff,

v.

DOCTOR SHARON ALLEN, M.D.,

Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter arises on the defendant's **Motion to Dismiss Pursuant to the *Younger* Doctrine, Fed. R. Civ. P. 12(b)(1), Immunity, and Fed. R. Civ. P. 12(b)(6)** [Doc. #21, filed 07/12/2011] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED, as specified.

## I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on

> the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

In ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II.  BACKGROUND

The plaintiff was committed to the Colorado Mental Health Institute at Pueblo (CMHIP") after being declared incompetent to stand trial on state criminal charges. The plaintiff filed his Prisoner Complaint on April 29, 2011 [Doc. #1] (the "Complaint"), asserting three claims for relief: (1) medical malpractice; (2) failure to provide legal access; and (3) violation of the Eighth Amendment.

The Complaint contains the following allegations:

1.  The defendant, Dr. Sharon Allen, is a medical doctor employed by CMHIP. *Complaint*, p. 2, ¶ 2.

2.  Dr. Allen "secured an order for involuntary medication to which an appeal is currently occuring and pending."[1] Id. at p. 3.

3.  From January 3, 2011, to current, Dr. Allen has misdiagnosed the plaintiff's ADHD condition as a psychotic condition. She prescribed Risperdal for the psychotic condition and secured a court order so she could forcibly administer it to the plaintiff. Dr. Allen is neglecting the plaintiff's ADHD condition and his seizure disorder. Dr. Allen relied on the determination of Dr. Michael Morrison instead of performing her own examination of the plaintiff. Dr. Allen failed to notify the plaintiff of harmful effects of Risperdal. The plaintiff is at increased risk of seizures or "possible sudden death." On April 21, 2011, he suffered a seizure which was "likely due to the forced medicating of Resperdal and a blood glucose level of 316 points." These actions constitute medical malpractice. Id. at p. 4.

---

[1] I have quoted the plaintiff's filings as written, without correction or acknowledgment of error.

4. Dr. Allen violated the plaintiff's due process right "to decide to accept or refuse psychoactive drugs." Dr. Allen failed to meet the due process standards articulated in People v. Medina, 705 P.2d 961 (Colo.1985), and Sell v. United States, 539 U.S. 166 (2003). Dr. Allen has failed to see that the plaintiff is competent to stand trial and that "the real conflict has been [the plaintiff's] criminal defense attorney's inability to work with [him] due to [his] refusal to take a plea deal . . . ." Id. at p. 5.

5. Dr. Allen "has refused to assist in the securing of law materials" and has failed to "provide" "legal access." Id.

6. Dr. Allen has violated the plaintiff's Eighth Amendment rights "via utilization of psychochemical torture." Id. at p. 6.[2]

The plaintiff seeks damages in the amount of $36,100,000.00. Id. at p. 8.

### III. ANALYSIS

As a preliminary matter, because the plaintiff has been found incompetent to stand trial, he has not been convicted of the state criminal charges. The cruel and unusual punishment clause of the Eighth Amendment is concerned with conditions of confinement after an adjudication of guilt. Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). Consequently, the plaintiff is not protected by the Eighth Amendment's prohibition against cruel and unusual

---

[2]Any other claims the plaintiff may be attempting to assert are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based"). In addition, in his response to the defendant's Motion, the plaintiff refers to violations of the First Amendment based on free speech and the labeling of his views as delusional. *Reply Motion for Motion to Dismiss* [Doc. #26] (the "Response"), p. 3. These claims are not asserted in the Complaint. I will not address claims raised for the first time in a brief opposing a dispositive motion.

punishment. Rather, pretrial detainees, by the very nature of their status, "may not be punished prior to an adjudication of guilt in accordance with due process of law." Id. at 535.  Therefore, I construe the plaintiff's Eighth Amendment claim as a claim for violation of his due process rights.

### A.  Younger Abstention

The defendant asserts that the court lacks subject matter jurisdiction over this case under the rule of Younger v. Harris, 401 U.S. 37 (1971). *Motion*, pp. 3-4.  Challenges pursuant to Younger are factual challenges to this court's subject matter jurisdiction.  Under Holt, I do not presume the truth of the factual allegations of the pleadings.  Instead, I have wide discretion to allow affidavits and other documents to resolve any disputed jurisdictional facts.  Holt, 46 F.3d at 1003.

> The Tenth Circuit Court of Appeals has explained Younger abstention as follows:
>
> Under the Younger abstention doctrine, federal courts should not interfere with state court proceedings by granting equitable relief-- such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings-- when a state forum provides an adequate avenue for relief. Younger abstention is non-discretionary; the district court must abstain once the conditions are met, absent extraordinary circumstances.  As [the] court stated in Amanatullah [v. State Bd. Of Medical Examiners, 187 F.3d 1160 (10th Cir. 1999)]:
>
> "A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."

Weitzel v. Division of Occupational and Professional Licensing of the Dept. of Commerce of the

State of Utah, 240 F.3d 871, 875 (2001) (internal citations omitted).

On January 31, 2011, the Pueblo County District Court entered an order authorizing the staff of CMHIP to administer to the plaintiff up to 6 mg. of Risperdal daily for a maximum of 6 months. *Motion*, Ex. B, ¶ 10; Ex. C. The plaintiff has appealed the order, and that appeal is pending. *Complaint*, p. 3; *Reply Motion for Motion to Dismiss* [Doc. #26] (the "Response"), pp. 2, 3. Therefore, the first requisite for abstention has been met.

As to the second requisite, the state court provides an adequate forum to hear the plaintiff's claims regarding his due process rights. The Colorado Supreme Court has set forth the standards for nonconsensual treatment in People v. Medina, 705 P.2d 961 (Colo.1985):

> To obtain the authority to involuntarily administer antipsychotic medication without violating a patient's due process rights, a health care provider must prove by clear and convincing evidence the four elements under Medina:
>
> > (1) that the patient is incompetent to effectively participate in the treatment decision;
> >
> > (2) that treatment by antipsychotic medication is necessary to prevent a significant and likely long-term deterioration in the patient's mental condition or to prevent the likelihood of the patient's causing serious harm to himself or others in the institution;
> >
> > (3) that a less intrusive treatment alternative is not available; and
> >
> > (4) that the patient's need for treatment by antipsychotic medication is sufficiently compelling to override any bona fide and legitimate interest of the patient in refusing treatment.

Id. at 973.³

The state court approved the involuntary administration of Risperdal after evaluating the due process standards set forth in Medina.  Specifically, the state court found that the plaintiff was incompetent to effectively participate in decisions regarding his mental illness; without the medication, the plaintiff would suffer a progressive deterioration and prolonged hospitalization as a result of his mental illness; there was no less intrusive method of treatment available; the plaintiff did not have a legitimate reason for refusing medication; and the plaintiff's desire to refuse medication is outweighed by his need for the medication.  *Motion*, Ex. C.  Thus, the state court provides an adequate forum to hear the plaintiff's due process concerns, and the second requisite for abstention has been met as to these claims.

The state court proceeding did not provide a forum to hear the plaintiff's medical malpractice claim regarding Dr. Allen's neglect of his ADHD and seizure disorder and his claim regarding "legal access."  Therefore, the second requisite for abstention has not been met as to those claims, and they are not barred by Younger.

The plaintiff was advised in the order denying his recent Application for a Writ of Habeas Corpus (the "Application") that "[m]atters concerning the competency of criminal defendants are traditionally areas of state concern. *See, e.g.*, Pate v. Robinson, 383 U.S. 375, 385 (1966) (discussing application of Illinois competency statutes in conjunction with holding that petitioner did not waive defense of incompetency to stand trial); Drope v. Missouri, 420

---

³The due process standards articulated in Sell v. United States, 539 U.S. 166 (2003) "permit involuntary administration of drugs solely for trial competence purposes."  The evidence in this case shows that the plaintiff was administered Risperdal based on his alleged behavior at CMHIP, not to render him competent to stand trial.  *Motion*, Ex. B, ¶¶ 7-8.  Therefore, the state court was not required to adhere to the standards articulated in Sell.

U.S. 162 (1975) (concluding that Missouri competency procedures were constitutionally adequate, but not properly applied)." Carter v. Colorado, 11-cv-00684-BNB, 2011 WL 2457773, *3 (D. Colo. June 17, 2011)."[4]  In addition, the plaintiff is appealing the state court order which permitted the involuntary administration of Risperdal.  State appellate review of its lower courts' decisions is an important state interest and is a matter which traditionally looks to state law for resolution.  Thus, the third requisite for abstention of the plaintiff's due process claims has been met.

Finally, there is no evidence to demonstrate that any of the exceptions to Younger abstention apply to this case.  Phelps v. Hamilton, 122 F.3d 885, 889 (10th Cir.1997); Perez v. Ledesma, 401 U.S. 82, 85 (1971); Younger, 401 U.S. at 54.

Where a plaintiff asserts equitable claims and damage claims which are barred by the Younger abstention doctrine, the district court should dismiss the equitable claims.  Meyers v. Garff, 876 F.2d 79, 80-81 (10th Cir. 1989).  Here, the plaintiff asserts only claims for monetary damages.  When federal claims for monetary relief would have a preclusive effect on the pending state proceeding, the court should not dismiss the action altogether.  Rather, the court should stay the federal proceedings on the damage claims to preserve the availability of the federal forum for claims which may otherwise run afoul of the relevant statute of limitations.[5]  Id.; Deakins v.

---

[4] The plaintiff asserted three claims in his Application: (1) the tolling provision in § 18–1–405(6)(a), C.R.S., abridges his Sixth Amendment right to speedy trial; (2) his status of incompetency violates his rights of due process and equal protection; and (3) the Colorado courts lack jurisdiction under the Fourteenth Amendment to find that a defendant is incompetent to stand trial. Id.

[5] Actions asserted under 42 U.S.C. § 1983 are subject to the general personal injury limitation period of the state in which the action arose. Hunt v. Bennett, 17 F.3d 1263, 1265 (10th Cir. 1994). The appropriate statute of limitation for §1983 actions arising in Colorado is two

Monaghan, 484 U.S. 193, 202-203 (1988); D.L. v. Unified School Dist. No. 497, 392 F.3d 1223, 1228 (10th Cir. 2004); Parkhurst v. State of Wyoming, 641 F.2d 775, 776-77 (10th Cir. 1981).

A finding in this case that Dr. Allen violated the plaintiff's due process rights would have a preclusive effect in the state court proceedings. Therefore, the plaintiff's damage claims must be stayed pending finality of the state proceeding.

The plaintiff's due process claims for monetary damages should be stayed until the state proceedings are final. However, the case may beneficially be administratively closed pending a showing of good cause to reopen by the plaintiff after the state proceedings are final.

### B. "Legal Access" Claim[6]

The plaintiff alleges that Dr. Allen failed "to provide legal materials and legal access." *Complaint*, p. 5. The right of access to the courts is a fundamental constitutional right. Bounds v. Smith, 430 U.S. 817, 828 (1977).

The plaintiff does not allege any facts relating to this claim.[7] A complaint must contain

---

years. Id. at 1266; section 13-80-102, C.R.S. Federal law rather than state law determines when a cause of action accrues. See Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994). "The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." Id. at 969. "A civil rights action accrues when facts that would support a cause of action are or should be apparent." Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995).

[6]The defendant does not recognize this claim, presumably because it is stated as a "supporting fact" to the plaintiff's due process claim. In the interest of thoroughness, I construe the plaintiff's allegation regarding legal access as a separate constitutional claim, and I analyze it as such.

[7]When discussing his failure to comply with the CGIA notice provisions, the plaintiff states that "it should be duly noted that the state has deprived the plaintiff of his due process rights to access to a law library and research materials wherein if said materials had been properly provided the plaintiff in this action would have been able to file properly and timely, as such the states actions in depriving the plaintiff of said resources due to his incarceration with the state hospital is a poor excuse for deprivation as no effort on the states part was exerted in the

specific allegations sufficient to establish that it plausibly supports a claim for relief.  Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007).  "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief."  Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations and citation omitted).  This is especially true in cases, like this one, where the defense of qualified immunity has been asserted.  Id. at 1248-49.

The plaintiff does not allege specific facts to plausibly state a claim against Dr. Allen for denial of access to the courts.  This claim should be dismissed with prejudice.

### C.  Medical Malpractice Claim

The plaintiff alleges that Dr. Allen has misdiagnosed his ADHD as a psychotic condition and has neglected his ADHD and his seizure disorder.  The defendant asserts that the plaintiff's medical malpractice claims are barred by the Colorado Governmental Immunity Act (the "CGIA") because the plaintiff did not file notice of his claims as required by C.R.S. §§ 24-10-109(1).  *Motion*, pp. 4-5.  The defendants are asserting a factual challenge to the court's subject matter jurisdiction.  Under Holt, 46 F.3d at 1003,  I do not presume the truthfulness of the Complaint's factual allegations, and I may consider affidavits and other documents to resolve the challenge.

In addition, determination of the notice issue does not touch on the merits of the case.  See Cizek v. United States, 953 F.2d 1232, 1233 (10th Cir. 1992) (holding that the question of whether notice was properly given under the Federal Tort Claims Act is properly handled under

---

area of assistance."  *Response*, p. 4.  This allegation does not provide any specific factual allegations to state a plausible claim against Dr. Allen.

Fed. R. Civ. P. 12(b)(1) rather than as summary judgment under Fed. R. Civ. P. 56).  See also Trinity, 848 P.2d at 924 (holding that when a public entity claims that it did not have proper notice under the CGIA, the issue must be decided as a Rule 12(b)(1) motion for lack of jurisdiction rather than a motion for summary judgment).  Therefore, I analyze this issue under the standards applicable to Rule12(b)(1) rather than the Rule 56 summary judgment standards. Pringle v. United States, 208 F.3d 1220, 1222 (10th Cir. 2000).

The CGIA, section 24-10-101 *et seq.*, sets forth the circumstances under which a plaintiff may bring an action in tort against the state, its political subdivisions, and its employees.  Mesa County Valley School District v. Kelsey, 8 P.3d 1200, 1203 (Colo. 2000).  Section 24-10-109(1) requires:

> Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment, whether or not by a willful and wanton act or omission, shall file a written notice as provided in this section within one hundred and eighty days after the date of discovery of the injury, regardless of whether the person then knew all the elements of a claim or a cause of action for such injury.  Compliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action.

"When a plaintiff fails to plead compliance with the CGIA, and a court addresses the case in the context of a motion to dismiss, the court must accept as a matter of 'fact' that the plaintiff failed to comply with the notice provisions."  Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hospital District, 353 F.3d 832, 840 (10th Cir. 2003).  The plaintiff has the burden to prove jurisdiction in the face of a challenge under Rule 12(b)(1), Fed. R. Civ. P.  Trinity Broadcasting of Denver, Inc., v. City of Westminster, 848 P.2d 916, 925 (Colo. 1993).

Here, the plaintiff admits that he did not comply with the CGIA.  *Response*, p. 4.  He

argues that the state deprived him of his "rights to access to a law library and research materials wherein if said materials had been properly provided the plaintiff in this action would have been able to file properly and timely."  Id,  However, section 24-10-109(1) is not subject to equitable defenses such as waiver, tolling, or estoppel.  Aspen Orthopaedics & Sports Medicine v. Aspen Valley Hosp., 353 F.3d 832, 839, 40 (10th cir. 2003).

"The CGIA notice of claim provision is both a condition precedent and a jurisdictional prerequisite to suit under the CGIA, must be strictly applied, and failure to comply with it is an absolute bar to suit."  City and County of Denver v. Crandall, 161 P.3d 627, 634 (Colo. 2007). The plaintiff has failed to demonstrate that he met the notice requirements as to his medical malpractice claims.  Therefore, the Motion should be granted insofar as it seeks dismissal with prejudice of the plaintiff's medical malpractice claims.

### IV.  CONCLUSION

I respectfully RECOMMEND that the Motion be GRANTED as follows:

1. The medical malpractice and legal access claims be dismissed with prejudice;

2. The due process claim be STAYED pursuant to Younger v. Harris, 401 U.S. 37 (1971), until the state proceeding is final; and

2. The case be administratively closed pending a showing of good cause to reopen by the plaintiff after the state proceeding is final.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas


v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated December 14, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge