**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-01149-CMA-BNB

JOSEPH SCOTT CARTER,

    Plaintiff,

v.

DOCTOR SHARON ALLEN, M.D.,

    Defendant.

---

**ORDER ADOPTING AND AFFIRMING DECEMBER 14, 2011 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

    This matter is before the Court on the December 14, 2011 Recommendation (Doc. # 31) by United States Magistrate Judge Boyd N. Boland that Defendant's Motion to Dismiss Pursuant to the *Younger* Doctrine, Fed. R. Civ. P. 12(b)(1), Immunity, and Fed. R. Civ. P. 12(b)(6) (Doc. # 21) be granted as specified. Specifically, the Magistrate Judge recommended that Plaintiff's medical malpractice and legal access claims be dismissed with prejudice, the due process claim be stayed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and that the case be administratively closed pending a showing of good cause to reopen by Plaintiff. (Doc. # 31 at 12.) The Recommendation is incorporated herein by reference. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

    The Magistrate Judge's Recommendation advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the

Recommendation.  (Doc. # 102 at 16-17.)  The Magistrate Judge also notified the parties that failure to file objections to the Recommendation waives *de novo* review by this Court as well as appellate review in the Tenth Circuit.  Although the Recommendation was mailed to Plaintiff's address of record, it was returned as undeliverable on January 3, 2012.  Under the Local Rules, a party must file notice within five days after any change of address.  *See* D.C.COLO.LCivR 10.1.M.  As a result of Plaintiff's apparent failure to promptly notify this Court of his change of address, he has failed to submit timely objections to the Magistrate Judge's Recommendation.[1]

"In the absence of timely objection, the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings").  However, because Plaintiff did not receive a copy of the Recommendation, the Court will nonetheless review it *de novo*.

The Court has carefully reviewed all the relevant pleadings,  including Defendant's Motion to Dismiss, Plaintiff's Response, Defendant's Reply, and the Magistrate Judge's Recommendation.  Based on the Court's *de novo* review of this matter, the Court concludes that the Magistrate Judge's thorough and comprehensive

---

[1] The Tenth Circuit has observed that it is "unreasonable to require courts to wade through a party's file in order to determine the most recent or most likely address at which to contact the party."  *Theede v. United States Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999).  This is because a party is "far better situated to know of any errors in their address informaton."  *Id.*  As the Recommendation was mailed to Plaintiff's last known address on file, he bears the burden of filing notice of any address change.  *See id.*

analyses and recommendations regarding Defendant's Motion to Dismiss are correct. Therefore, the Court hereby ADOPTS the December 14, 2011 Recommendation of the United States Magistrate Judge (Doc. # 31) as the findings and conclusions of this Court.

Accordingly, IT IS ORDERED that Defendant's "Motion to Dismiss Pursuant to the *Younger* Doctrine, Fed. R. Civ. P. 12(b)(1), Immunity, and Fed. R. Civ. P. 12(b)(6)" (Doc. # 21) is GRANTED as follows:

1. Plaintiff's medical malpractice and legal access claims are DISMISSED WITH PREJUDICE;

2. Plaintiff's due process claim is STAYED pursuant to the Younger doctrine until the state proceeding is final; and

3. The case be ADMINISTRATIVELY CLOSED pending a showing of good cause to reopen by Plaintiff after the state proceeding is final.

DATED: January   06  , 2012

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge